THOMAS CARROLL *vs.* WILLIAM J. SHEEHAN.

A statute prescribed the form of an affidavit to be indorsed on all writs of attachment. This statute being in force, an officer first made the required affidavit as the plaintiff's agent, and then as officer served the writ by garnishment.

*Held*, that his act, although improper, was not illegal, and that the attachment was valid.

EXCEPTIONS to the Court of Common Pleas.

*Henry B. Whitman & Adoniram J. Cushing*, for plaintiff in support of the exceptions.

*Augustus S. Miller & Henry W. Allen*, contra, cited *Snydacher* v. *Brosse*, 51 Ill. 357, 360 ; *Filkins* v. *O'Sullivan*, 79 Ill. 524 ; *Collais* v. *McLeod*, 8 Ired. 221 ; *Carpenter* v. *Stilwell*, 11 N. Y. 61 ; *Knott* v. *Jarboe*, 1 Met. (Ky.) 504 ; *Carter* v. *Harris*, 4 Rand. 199 ; Drake on Attachment, § 184.

*October* 21, 1878. DURFEE, C. J. The writ in this case was a writ of summons and attachment, and was served personally and by garnishment. The affidavit required to authorize service by garnishment was subscribed and sworn to by the officer who made the service, being subscribed and sworn by him as the plaintiff's agent. In the court below the defendant moved a dismissal of the action, first, because it was not competent for the officer to act as agent of the plaintiff in making the affidavit, and secondly, because it was not competent for the officer, being the agent of the plaintiff, to serve the writ. The court below dismissed the action. It is before us by bill of exceptions for error in the dismissal.

We think the dismissal was erroneous. The statute permits the affidavit to be made either by the plaintiff himself or by his agent or attorney, and therefore if the officer was the agent of

the plaintiff the affidavit made by him was legal.  We strongly disapprove the practice of such affidavit making by officers, on account of its liability to abuse; but we are not prepared, on that account, to go so far as to hold that, as a matter of public policy, an officer is incapable of making the affidavit.  It is not for the court to interpolate such an exception into the statute without some stronger reason.  We likewise think the officer was not incompetent to serve the writ because he was the plaintiff's agent.  A writ cannot be served by an officer who is a party to it.  Gen. Stat. R. I. cap. 195, § 4.  The defendant's counsel argues from this that it cannot be served by the plaintiff's agent because the act of the plaintiff's agent is in legal contemplation the act of the plaintiff himself.  The argument is not valid.  The act of the agent is the act of his principal only when it is performed in his capacity as agent.  An officer in serving a writ does not act as the plaintiff's agent.  He is a minister of the law executing its precept.  The fact that he is the plaintiff's agent for other purposes does not incapacitate him for so ministerial a function.  It is very common to employ an officer to make a demand, where a demand is necessary or expedient before suit ; but no one ever supposed that such an employment incapacitated the officer from subsequently serving the writ; yet if agency incapacitates, why not?  It is agency in the matter of the suit, like making the affidavit, though doubtless less liable to abuse.

It is suggested that as agent the officer acquires an interest in the success of the suit which puts him on the same footing as if he were a party.  This may be so in some cases ; but whether it is so or not depends on the terms of the agency.  We cannot presume that the officer has an interest in the success of the suit merely from his making the affidavit as the plaintiff's agent, which is all we have to go by in deciding the motion to dismiss.

*Exceptions sustained.*